Keith Sullivan #92630
**Name and Inmate Booking Number**

Lovelock Correctional Center
**Place of Confinement**

1200 Prison Rd
**Mailing Address**

Lovelock, NV 89419
**City, State, Zip Code**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Keith Sullivan and all similarly situated inmates
Plaintiff

vs.

(1) James Dzurenda,
(2) Robert Hartman,
(3) Warden at Northern Nevada CC,
(4) Warden Breichback,
(5) Lovelock CC Law library free Staff
Defendant(s).

Case No. _____
(To be supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT BY AN INMATE**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

☒ Jury Trial Demanded

### A.   JURISDICTION

1) This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
   ☐ Other: _____

2) Institution/city where Plaintiff currently resides: Lovelock, NV

3) Institution/city where violation(s) occurred: Carson city, NV and Lovelock, NV

### B. DEFENDANTS

1. Name of first Defendant: **James Dzurenda**. The first Defendant is employed as: **Director of Prisons** (Position of Title) at **Carson City Offender Mgt. Division** (Institution)

2. Name of second Defendant: **Robert Hartman**. The second Defendant is employed as: **Associate Warden, Programs** (Position of Title) at **Northern Nevada Correctional Center** (Institution)

3. Name of third Defendant: **Unknown**. The third Defendant is employed as: **Warden** (Position of Title) at **Northern Nevada Correctional Center** (Institution)

4. Name of fourth Defendant: **Unknown**. The fourth Defendant is employed as: **Law library supervisor** (Position of Title) at **Northern Nevada Correctional Center** (Institution)

5. Name of fifth Defendant: **Dawn Bequette**. The fifth Defendant is employed as: **Law library supervisor** (Position of Title) at **Lovelock Correctional Center** (Institution)

If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.

### C. NATURE OF THE CASE

Briefly state the background of your case.

I, Plaintiff, Keith W. Sullivan, have been denied access to the courts in violation of the First amendment to the U.S. constitution by the various defendants due to their individual and collective denials of law library usage by myself and all similarly situated inmates. These denials of access have resulted in actual injury to me by preventing the production and prosecution of meaningful papers which caused dismissals of civil Rights complaints, denial of research of legal materials and separation from legal paperwork.

2

Additional Defendant's

_) Defendant, **Breitback**, resides at **Lovelock Corr. Ctr.**
(full name of def.)                              (address of def.)
and is employed as **Warden**. This defendant is sued
(def. position and title, if any)
in his/her X individual X official capacity (check one or both).
Explain how this defendant was acting under color of law:
Warden of Lovelock Correctional Center; Created policies violating extant case laws

_) Defendant, **Unknown**, resides at **Lovelock Corr. Ctr.**
(full name of def.)                              (address of def.)
and is employed as **Assoc. Warden, Operations** This defendant is sued
(def. position and title, if any)
in his/her X individual X official capacity (check one or both).
Explain how this defendant was acting under color of law:
Assoc. Warden Operations at Lovelock Corr. Ctr.; Notified by Inmate Grievance process of violations

_) Defendant, ~~Assoc.~~ **Unknown**, resides at **Lovelock Corr. Ctr.**
(full name of def.)                              (address of def.)
and is employed as **Assoc. Warden, Programs** This defendant is sued
(def. position and title, if any)
in his/her X individual X official capacity (check one or both).
Explain how this defendant was acting under color of law:
Assoc. Warden of Programs; notified of violations via Inmate Grievance process.

_) Defendant, _____, resides at _____,
(full name of def.)                              (address of def.)
and is employed as _____. This defendant is sued
(def. position and title, if any)
in his/her __ individual __ official capacity (check one or both).
Explain how this defendant was acting under color of law:
_____

LCC LL FORM 36.002

3

D.   CAUSE(S) OF ACTION

CLAIM 1

1. State the constitutional or other federal civil right that was violated: __First Amendment to the U.S. constitution__

2. Claim 1. Identify the issue involved. Check only one. State additional issues in separate claims.

   ☐ Basic necessities        ☐ Medical care           ☐ Mail
   ☐ Disciplinary proceedings ☐ Exercise of religion   ☐ Property
   ☒ Access to the court      ☐ Excessive force by officer  ☐ Retaliation
   ☐ Threat to safety         ☐ Other: _____

3. Date(s) or date range of when the violation occurred: __On or about Oct. 30, 2024__

4. Supporting Facts: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what each specific defendant (by name) did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

James Dzurenda, Director, Nevada Dept. of Corrections, has been notified multiple times by me, Keith Sullivan, Plaintiff, through the NDOC Grievance process and by other, related, civil suits that the NDOC law libraries ~~with the~~ do not comport with extant caselaws governing inmate access to the courts via inmate law library usages.

On Oct 30, 2024, I, the Plaintiff, had a telephonic court hearing scheduualled in the "operations" area at Northern Nevada Correctional Center. It was case#: A-23-876967-W; out of Nevada's Eighth Judicial District Court, Dept.: 14. In that case I'd been ordered to notify the Defendants of their being sued before Oct. 30, 2024. That hearing I was transfered in person from High Desert State Prison to the Eighth Judicial Dist. Court for in person. That hearing was heard by Dept. 14's Judge. She told me, when I'd stated I didn't know how to notify that case's defendants, that the court isn't allowed to give legal advice but that the

4

1. H.D.S.P. inmate law library assistants could tell me how to
2. comply with her order.
3.    H.D.S.P.'s law library schedual allowed the inmates at my
4. housing unit an hour and a half per week. The week after
5. court was the only opportunity I was given to speak
6. with HDSP's inmate law library assistants. When I spoke to
7. the only available inmate he said he didn't know and that
8. civil litigation was not his department. All other inmate assist-
9. ants were busy and not available.
10.    Beginning in the last week of August, 2024, the NDOC
11. changed HDSP and Ely State Prison's classifications—Medium
12. custody and maximum-custody respectively to each other's.
13. Due to this no inmates—including inmate law library personnel—
14. were allowed in the HDSP law library. I was transfered
15. from HDSP to Northern Nevada Correctional Center in the last
16. week of September 2024.
17.    While at NNCC, I was classified to Administrative
18. Segregation pending transfer to Lovelock Corr. Ctr. At
19. that period is when the Oct. 30, 2024 telephonic court
20. hearing in case#: A-23-876967-W was to have
21. taken place. I was taken that morning to NNCC's "operat-
22. ions" area and placed in a phone-booth where a phone
23. was mounted to the wall. After being there 45 minutes
24. and the phone conference never taking place I was
25. returned to the Ad-seg unit. I was never told why
26. the court hearing didn't take place.
27.    A week later I was sent legal mail from the

Page 5

### Claim one, cont'd

district court ordering that the case was now dismissed. I attempted to use the law library at NNCC but was informed that inmates of NNCC are never allowed physical access to the law library and instead are relegated to the paging-system-only method. I complained to the free-staff law library supervisor that I'd used the computerized law library system at NNCC only two years earlier, I was told that the new warden had changed the policy. I was unable to prepare an appeal to the Nevada Supreme court as a result of the lack of access to the law library. The inmate "runner" was unable to provide me with the necessary information and/or forms necessary to produce an appeal. This has resulted in the actual injury of having this case dismissed and my appeal being time-barred.

It should be noted that NNCC's Admin.-Segregation units outdoor recreational periods are Tuesday mornings and Thursday afternoons. The inmate "runner" appears sporatically in the morning hours but they consistantly showed up during the times when inmates of that unit were utilizing their constitutionally mandated outdoor excerise periods; effectively making themselves available only three days per week since the law library is closed on Saturdays, Sundays and holidays.

It should also be noted that the Ad-seg. custodial casework specialist (C.C.S. II Ms. Agee) holds her

6

Claim one, cont'd

"open-door-call" hours on Tuesday mornings and Thursday afternoons at the exact hours of the aforementioned exercise periods afforded Ad-seg's inmates. All other business was to be conducted via the Inmate Request Forms. This made her assistance nominal at best because inmates must chose to forfiet there outdoor recreational periods in order to get face-to-face assistance from her.

When I tried to complain using the Inmate Request Form method I received rejection notices from Ms. Agel stating the triplicate form must be used as directed by Associate Warden Robert Hartman; the rejection notice states that NDOC Inmate Request Forms are legal documents and that a copy of each are lodged in every Inmate "I-file".

I've reviewed my I-file before and that is simply not true. After over 26 years in prison in the NDOC this has never been the case. Either someone has failed at their duty to do so or this claim of A.W. Hartman is a falsehood.

CLAIM 2

1. State the constitutional or other federal civil right that was violated: **Fourth Amendment to the U.S. constitution**

2. Claim 2. Identify the issue involved. Check only one. State additional issues in separate claims.

   ☐ Basic necessities  ☐ Medical care  ☒ Mail
   ☐ Disciplinary proceedings  ☐ Exercise of religion  ☐ Property
   ☐ Access to the court  ☐ Excessive force by officer  ☐ Retaliation
   ☐ Threat to safety  ☒ Other: **Legal Mail**

3. Date(s) or date range of when the violation occurred: **Dec. 17th, 2024**

4. Supporting Facts: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what each specific defendant (by name) did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

On Dec. 17th, 2024, while housed in Administrative Segregation at Lovelock Correctional Center, I was approached at my cell door by LCC's Law library free-staff supervisor (name unknown) and told I have legal-mail. After signing a receipt log the contents were given to me but the supervisor refused to give me the envelope. I complained that the envelope belonged to me and that she was now stealing it from me in violation of my Fourth Amendment Right proscribing unlawful search and seizure. She laughed and walked away.

The following morning she returned with LCC's Ad-Seg. law library policy print-out. It confirmed that inmate's at LCC, aren't allowed to ever receive the envelopes their legal-mail arrives in. (see attached exhibit) I've filed an Inmate Informal Grievance to LCC's Warden Breichback informing her that this policy violates extant caselaw and that the Nevada Dept. of Corrections Administrative Regulations

8

Claim Two, cont'd

and operational proceedures and that the policy itself is not signed (giving it its authority) by anyone.

As can be seen in its final line, in the "Rules for 4A" — the Ad-seg/Dis-seg unit at Lovelock Corr. Ctr. — "All processes may be adjusted day to day as necessary for safety and security reasons," meaning that there is no actual rules or policy(s), that ad-hoc, arbitrary and capricious rules and policies will be determined "day to day".

I have dozens of pieces of legal mail and their attendant envelopes in my possession; the spurious "rule" is only practiced here at L.C.C. and is not sanctioned by NDOC's Admin. Regulations or operational procedures.

9

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: <u>First Amendment to the U.S. Constitution</u>

2. Claim 3. Identify the issue involved. Check only one. State additional issues in separate claims.

   ☐ Basic necessities ☐ Medical care ☐ Mail
   ☐ Disciplinary proceedings ☐ Exercise of religion ☐ Property
   ☒ Access to the court ☐ Excessive force by officer ☐ Retaliation
   ☐ Threat to safety ☐ Other: _____

3. Date(s) or date range of when the violation occurred: <u>Approx. Spring 2022 - Present</u>

4. Supporting Facts: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what each specific defendant (by name) did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

   The Nevada Dept. of Corrections' law library policies violate its own Administrative Regulations, Operational Procedures and Institutional Procedures. Additionally the NDOC violates extant caselaw regarding inmate access to its law libraries which is Nevada's method of satisfying the mandate of Bounds v. Smith 430 U.S. 817.

   NDOC uses a level system by which, on some facilities law library physical access is used as a privilege. At those facilities "Level one" inmates are given more law library days and hours; "Level Two" inmates are given less and "Level Three" inmates who are still General Population inmates are given no physical access whatsoever. Level Three inmates, and those housed in Administrative and/or Disciplinary segregation are relegated to the "paging-system-only" method. This violates multiple extant caselaws including Koerschner v. Warden ~~Whittaker~~ - 508 F.2d 849.

If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.

~~Additional Grounds~~

Claim Three, ~~Count~~ cont'd

~~Plaintiff's injury resulted from:~~ At other NDOC facilities no inmate physical access is allowed at the law libraries regardless of Level-Status. This too violates caselaw ~~Supporting facts: (include all facts you consider important. State facts clearly, in your own words and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your civil rights).~~ such as Ramos v. Lamm 639 F.2d 559; Williams v. Leeke 584 F.2d 1336 and many others. That is the case of all inmates at Northern Nevada Correctional Center and Lovelock Correctional Center (no physical access for these inmates). At Southern Desert Correctional Center the law library access (physical) is used as a privilege of upper-eschelon inmates. Thus, if an inmate is found guilty of a "write-up" (indeed, he will be "Level-reduced" pending a "Notice-of-charges") he will be unable to physically access the law library. His ability to articulate and prosecute civil litigation and criminal appeals will be thwarted by a mere accusation of violating the NDOC's rules! Such arbitrary and capricious restrictions on inmate law library access, and thus, access to the courts is manifest injustice.

The wardens of all these facilities and the NDOC Director have been made aware of these violations through multiple inmate grievances (which have all been denied) from Keith Sullivan, lead Plaintiff.

E. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated?   ☒ Yes   ☐ No

2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?   ☐ Yes   ☒ No

3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"   ☐ Yes   ☐ No   N/A

F. REQUEST FOR RELIEF

I believe I am entitled to the following relief: Monetary compensation for the actual injuries claimed herein, punitive damages and an injunction from the court to have Nevada's Dept. of corrections' law library policies comport with federal laws; as well as any other relief deemed necessary and proper by the court and jury.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____     /s/ Keith _____
(name of person who prepared or helped          (signature of plaintiff)
prepare this complaint if not the plaintiff)

                                    12/27/24
                                    (date)

ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

12